El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.

---

## Moreno *v.* Oliú.

Casación procedente de la Corte de Distrito de San Juan.

No. 61.—Resuelto en Febrero 19, 1903.

Sentencia definitiva.—Una resolución denegando la admisión de una demanda sobre alimentos provisionales por no haberse acompañado el título exigido por la ley, no es definitiva á los efectos de proceder contra ella recurso de casación.

Id.—Si al interponerse un recurso de casación no se hubiere cumplido con lo dispuesto en el artículo 1718 de la Ley de Enjuiciamiento Civil, no procederá resolver el recurso.

### EXPOSICIÓN DEL CASO.

*Resultando:* que con la partida de bautismo de Doña Luisa Basilia, en la que se expresa que nació el 14 de Junio de 1879, y que es hija natural de Doña Rosenda Moreno, quien según la partida de defunción, falleció en Bayamón el 19 de Abril de 1896, se presentó con fecha 12 de Septiembre del año próximo pasado por Don Sandalio Torres, á nombre de Doña Luisa Basilia Moreno y ante la Corte de Distrito de San Juan, demanda en solicitud de alimentos provisionales que debe prestar Don Pompeyo Oliú, propietario, vecino de Bayamón, por ser la peticionaria su hija ilegítima, según una carta que también se acompañó en la que Oliú la llama hija, le da el pésame por la muerte de su madre, y le pide una nota de lo más indispensable que necesite para enviárselo.

*Resultando:* que la referida Corte en 12 de Septiembre de 1902 tiene por parte á Torres, á nombre de quien compa-

No. 61.—Decided February 19, 1903.

### STATEMENT OF THE CASE.

rece, y visto lo dispuesto en el artículo 1607 de la Ley de Enjuiciamiento Civil, que requiere previamente la presentación del título en cuya virtud se solicitan los alimentos, declaró que no había lugar á admitir la demanda, y pedida reposición de esta providencia, se denegó por auto de 18 del mismo mes de Septiembre citado.

*Resultando :* que contra esas resoluciones se ha interpuesto recurso de casación por infracción de ley, autorizado, se dice, por el artículo 78 de la Orden General número 118, serie de 1899, y se citan como infringidos: primero, el artículo 1607 de la Ley de Enjuiciamiento Civil, porque, según él, no puede rechazarse de plano la demanda cuando se ofrecía completar la justificación si fuese necesario; segundo, el artículo 1611 de la citada ley, puesto que solo el demandado puede, en el acto del juicio, oponerse á la solicitud de alimentos; tercero, el artículo 70 de la Orden General, número 118, que permite la presentación de documentos, indistintamente, con los escritos de demanda y de contestación, ó en el acto de la comparecencia para proponer la prueba; cuarto, el artículo 806 del Código Civil, que concede expresa y concretamente al hijo ilegítimo, que no tenga la calidad de reconocido, el derecho de alimentos.

Abogado del recurrente : *Sr. Torres Monge.*

El Juez Asociado Sr. MacLeary, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Considerando :* que la resolución recurrida no tiene el concepto de definitiva, según el artículo 1688 de la Ley de Enjuiciamiento Civil, porque no termina el juicio, ni hace imposible su continuación, subordinada única y exclusivamente á la presentación del título, en que se funda la pretensión de alimentos; y siendo esto así, se está en el caso de cumplir con el número 3 del artículo 1727 de la citada ley, en relación con el artículo 1726, declarando inadmisible el recurso.

*Considerando :* que tampoco se ha cumplido, al interponer el recurso, con lo dispuesto en el artículo 1718 de la Ley de

which provides that a person who considers himself entitled to demand maintenance must present with his complaint the documentary evidence establishing his right thereto. A reconsideration of this decision having been requested, it was refused by an order of the court dated September 18th of the same year. From the aforesaid orders an appeal in cassation has been taken for violation of law, authorized (it is stated) by Section 78 of General Orders No. 118, series of 1899, the following violations being alleged, to wit: First.—Article 1607 of the Law of Civil Procedure, because according thereto the complaint could not be peremptorily dismissed when an offer was made to furnish further evidence should it be necessary. Second.— Article 1611 of aforesaid Law, because the defendant alone may, at the hearing, contest the application for maintenance. Third.— Section 70 of General Orders No. 118, which allows the presentation of documentary evidence either with the complaint or with the answer thereto, or at the proceeding for the proposal of evidence. Fourth.—Article 806 of the Civil Code which expressly concedes to unacknowledged illegitimate children the right to their support.

Enjuiciamiento Civil, repetidamente citado, puesto que no se expresa en el escrito de interposición, ni el artículo 1690, ni el párrafo del mismo, en que se crea comprendido el problema jurídico que se plantea.

*Fallamos:* que debemos declarar y declaramos no haber lugar á resolver el recurso de casación por infracción de ley, interpuesto por Doña Luisa Moreno; no se hace condena de costas, por no haber en este caso parte recurrida; líbrese la oportuna certificación á la Corte de San Juan, con devolución de los autos, para los efectos procedentes.

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados Hernández, Figueras y Sulzbacher.